**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ALEXANDER SHEPARD JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-1934** |
| **BURL CAIN** | **SECTION "J"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including

an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant

to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing**

**Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter

can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2).[1]

### I.    Factual and Background

The petitioner, Alexander Shepard, Jr., ("Shepard"), is a convicted inmate presently

incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  On March 21, 2001, Shepard

---

[1]Under Title 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 3.

was charged by Bill of Information in Jefferson Parish with one count of attempted armed robbery and one count of armed robbery.[3]

The record reflects that, in the early morning hours of February 10, 2001, Mark Guidry and Jimmy Rodrigue arrived at the Country Club Lounge near Garden Road and the Westbank Expressway.[4] They parked their car in the brightly lit parking lot. As Guidry and Rodrigue exited the car, they saw a man, later identified as Shepard, walk around the car from behind and alongside the passenger. Guidry made eye contact with Shepard as he walked around the car. When Shepard reached the front of the car, he raised his shirt, pulled out a chrome pistol, and demanded Guidry's wallet and jewelry. Shepard then pointed the gun at Rodrigue and ordered him to place his hands on the hood of the car.

At that time, Guidry reached up and grabbed the gun with both hands, holding the hammer down to prevent the gun from being fired. Guidry and Shepard fought over the pistol until, eventually, Shepard got it loose from Guidry's hands. Guidry took off and made his way inside the Country Club Lounge, where he asked for someone to call 911. After Guidry escaped, Shepard ordered Rodrigue to lie on the ground and proceeded to take approximately $40.00 to $45.00 out of his pockets. Shepard left the scene before the police arrived a few minutes later. He was soon picked up by police in the area and positively identified by Guidry and Rodrigue.

---

[3]St. Rec. Vol. 1 of 7, Bill of Information, 3/21/01.

[4]The facts of the case were taken from the opinion of the Louisiana Fifth Circuit Court of Appeal on appeal. *State v. Shepard*, 850 So.2d 819, 821 (La. App. 5th Cir. 2003); St. Rec. Vol. 1 of 7, 5th Cir. Opinion, 03-KA-268, pp. 2-3, 6/19/03.

After waiver of his right to a jury trial, Shepard was tried before the Trial Court on April 30, 2002, and found guilty as charged.[5] He also received a six month sentence to be served in parish prison that same day for contempt of court.[6] On May 15, 2002, the Trial Court sentenced Shepard to serve 30 years in prison on each count.[7] Thereafter, on July 17, 2002, the Trial Court determined Shepard to be a third offender and re-sentenced him to serve life imprisonment on the armed robbery charge, to be served without benefit of parole, probation, or suspension of sentence.[8]

On appeal, Shepard's counsel argued that the Trial Court erred in denying the motion to suppress the identifications, because the procedure was suggestive and the identifications were unreliable because of the clothing and physical descriptions given to police by the victims.[9] On June 19, 2003, the Louisiana Fifth Circuit Court of Appeal found no merit to the claims.[10] The Court also resolved that the record failed to disclose whether the Trial Court notified Shepard of the post-conviction delays and remanded the matter with directions for the Trial Court to do so.[11] The Trial Court complied with this directive on June 23, 2003.[12]

---

[5]St. Rec. Vol. 1 of 7, Trial Minutes, 4/30/02; St. Rec. Vol. 4 of 7, Trial Transcript, 4/30/02.

[6]St. Rec. Vol. 1 of 7, Contempt Hearing Minutes, 4/30/02.

[7]St. Rec. Vol. 1 of 7, Sentencing Minutes, 5/15/02; St. Rec. Vol. 5 of 7, Sentencing Transcript, 5/15/02.

[8]St. Rec. Vol. 1 of 7, Multiple Bill Hearing Minutes, 7/17/02; Multiple Bill Sentencing Minutes, 7/17/02; Multiple Bill, 7/17/02; St. Rec. Vol. 5 of 7, Multiple Bill Hearing Transcript, 7/17/02.

[9]St. Rec. Vol. 5 of 7, Appeal Brief, 2003-KA-0268, 3/25/03.

[10]*State v. Shepard*, 850 So.2d at 824; St. Rec. Vol. 1 of 7, 5th Cir. Opinion, 03-KA-268, p. 8, 6/19/03.

[11]*Id.*

[12]St. Rec. Vol. 1 of 7, Letter to Defense Counsel, 6/23/03.

On July 17, 2003, Shepard submitted a writ application, which was filed by the Louisiana Supreme Court on July 30, 2003, raising four grounds for relief:[13] (1) The Trial Court erred in denying the motion to suppress because of the description of the shoes given by the victims; (2) the Trial Court erred in denying the motion to suppress because of the inaccurate physical description given by the victims; (3) the Trial Court erred in denying the motion to suppress because of the clothing descriptions given by the victims; and (4) the Trial Court erred in denying the motion to suppress because of the discrepancy in the currency taken versus that found on Shepard. The Louisiana Supreme Court denied the writ application without reasons on May 14, 2004.[14]

Shepard's conviction became final 90 days later, August 12, 2004, because he did not file a writ application with the United States Supreme Court. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under Title 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

## II.     Procedural Background

On November 2, 2004, Shepard submitted a Uniform Application for Post Conviction Relief, which was filed in the Trial Court on November 9, 2004, alleging three grounds for relief:[15] (1) the Trial Court failed to vacate the original sentence before imposing the enhanced sentence as a multiple offender; (2) the evidence at the multiple offender proceeding was insufficient; and (3) the documents used by the State at the multiple bill hearing from Terrebonne and Lafourche Parishes were not certified or adequate to prove the multiple bill. By order of the Trial Court, the State filed

---

[13]St. Rec. Vol. 1 of 7, La. S. Ct. Letter, 2003-KO-2168, 7/30/03 (postmarked 7/17/03); St. Rec. Vol. 6 of 7, La. S. Ct. Writ Application, 03-KO-2168, 7/30/03 (signed 7/17/03).

[14]*State v. Shepard*, 872 So.2d 509 (La. 2004); St. Rec. Vol. 6 of 7, La. S. Ct. Order, 2003-KO-2168, 5/14/04.

[15]St. Rec. Vol. 2 of 7, Uniform Application for Post Conviction Relief, 11/9/04 (signed 11/2/04).

an opposition raising procedural objections under La. Code Crim. P. arts. 930.3 and 930.4, *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996) and *State ex rel. Brown v. State*, 870 So.2d 976 (La. 2004), alleging that Shepard was barred from challenging his multiple offender proceedings on post-conviction review.[16] The Trial Court issued an Order on January 12, 2005, rejecting the State's procedural objections.[17]

The State filed a writ application with the Louisiana Fifth Circuit which was denied on March 28, 2005.[18] The State then filed a writ application with the Louisiana Supreme Court arguing that its procedural objections should have been sustained.[19] The Court granted the writ application and held that, as raised by the State's procedural objections, La. Code Crim. P. art. 930.3 and *State ex rel. Melinie* precluded Shepard's challenge to his habitual offender status on collateral review, citing *State ex rel. Brown*, 870 So.2d at 977.[20] The Court also directed the Trial Court to deny Shepard's application for post-conviction relief as procedurally barred. The Trial Court did so on February 1, 2006.[21]

Thereafter, on February 9, 2006, the Trial Court also denied Shepard's motion to supplement his application for post-conviction relief to add a claim of ineffective assistance of counsel for

---

[16]St. Rec. Vol. 1 of 7, State's Procedural Objections, 12/29/04; Trial Court Order, 11/29/04. In *Melinie* and *Brown*, the Louisiana Supreme Court, relying on La. Code Crim. P. arts. 930.3 and 930.4, has ruled that claims of excessive sentence or errors in sentencing, including multiple offender proceedings, which should be raised on direct appeal were not proper grounds for post-conviction relief.

[17]St. Rec. Vol. 1 of 7, Trial Court Order, 1/12/05.

[18]St. Rec. Vol. 2 of 7, 5th Cir. Writ Application, 05-KH-150, 2/11/05; 5th Cir. Order, 05-KH-150, 3/28/05.

[19]St. Rec. Vol. 2 of 7, La. S. Ct. Letter, 2005-KP-1096, 4/27/05; St. Rec. Vol. 6 of 7, La. S. Ct. Writ Application, 05-KP-1096, 4/27/05.

[20]*State v. Shepard*, 917 So.2d 1086 (La. 2005); St. Rec. Vol. 6 of 7, La. S. Ct. Order, 2005-KP-1096, 12/16/05.

[21]St. Rec. Vol. 3 of 7, Trial Court Order, 2/1/06.

failure to investigate alibi witnesses.[22]  The Court held that Shepard was procedurally barred from raising the claim under La. Code Crim. P. art. 930.4 because it had not been timely raised in his original application filed on November 9, 2004, which had already been denied on February 1, 2009, and he failed to show cause for his failure to do so.

On March 6, 2006, Shepard filed a writ application with the Louisiana Fifth Circuit seeking review of the Trial Court's orders denying the application for post-conviction relief and the motion to supplement.[23]  The Court denied the application on March 7, 2006, finding no error in the Trial Court's ruling.[24]

On May 11, 2006, Shepard submitted an untimely[25] writ application with the Louisiana Supreme Court raising five grounds for relief:[26] (1) the Trial Court erred in denying the motion to supplement the claims as untimely and in failing to address his ineffective assistance of counsel claim on the merits; (2) counsel was ineffective for failure to investigate the alibi witnesses; (3) the evidence at the multiple offender proceeding was insufficient; (4) the documents used by the State at the multiple bill hearing from Terrebonne and Lafourche Parishes were not certified or adequate to prove the multiple bill; and (5) the Trial Court failed to vacate the original sentence before imposing the enhanced sentence as a multiple offender.

---

[22]St. Rec. Vol. 3 of 7, Trial Court Order, 2/9/06; Motion to Supplement, 1/25/06.

[23]St. Rec. Vol. 7 of 7, 5th Cir. Writ Application, 06-KH-138, 3/6/06 (postmarked 2/22/06).

[24]St. Rec. Vol. 7 of 7, 5th Cir. Order, 06-KH-138, 3/7/06.

[25]La. S.Ct. R. X§5(a) provides that an application seeking review of the judgment of the court of appeal shall be filed or postmarked within 30 days of the issuance of the judgment.  *See also* La. Code Crim. Proc. art. 922(A).

[26]St. Rec. Vol. 7 of 7, La. S. Ct. Letter, 2006-KH-1455, 6/12/06 (postmarked 5/11/06); La. S. Ct. Writ Application, 06-KH-1455, 6/12/06.

After filing this writ application, Shepard returned to the Trial Court on July 26, 2006, to file a Motion to Correct Illegal Sentence.[27] The Trial Court denied the motion on September 20, 2006, instructing Shepard that his remedy was to file an application with the Louisiana Risk Review Panel pursuant to La. Rev. Stat. Ann. § 15:308.[28] The Trial Court later supplemented its reasons on January 10, 2007, to further explain that Shepard's motion was not the proper procedural method for obtaining the relief he sought therein.[29]

In the meantime, on October 18, 2006, Shepard submitted a writ application to the Louisiana Fifth Circuit, which was filed by that Court on November 22, 2006.[30] The Court denied the application on November 28, 2006, finding no error in the Trial Court's ruling.[31] Shepard then submitted a writ application to the Louisiana Supreme Court on May 11, 2006, which was filed in that Court on June 12, 2006, challenging that ruling.[32]

Thereafter, on February 16, 2007, the Louisiana Supreme Court denied without reasons Shepard's writ application filed on June 12, 2006, related to the denial of his application for post-conviction relief and the motion to supplement.[33] On October 12, 2007, the Court denied without

---

[27]St. Rec. Vol. 3 of 7, Motion to Correct Illegal Sentence, 7/26/06.

[28]St. Rec. Vol. 3 of 7, Trial Court Order, 9/20/06.

[29]St. Rec. Vol. 3 of 7, Trial Court Order, 1/10/07.

[30]St. Rec. Vol. 7 of 7, 5th Cir. Writ Application, 06-KH-885, 11/22/06 (postmarked 11/14/06, signed 10/18/06).

[31]St. Rec. Vol. 3 of 7, 5th Cir. Order, 06-KH-885, 11/28/06.

[32]St. Rec. Vol. 3 of 7, La. S. Ct. Letter, 2007-KH-33, 1/8/07 (postal metered 12/21/06); St. Rec. Vol. 7 of 7, La. S. Ct. Writ Application, 07-KH-0033, 1/8/07 (postal metered 12/21/06).

[33]*State ex rel. Shepard v. State*, 949 So.2d 407 (La. 2007); St. Rec. Vol. 7 of 7, La. S. Ct. Order, 2006-KH-1455, 2/16/07.

reasons his remaining writ application filed January 8, 2007, related to the denial of his motion to correct illegal sentence.[34]

## III.    Federal Petition

On May 10, 2007, the Clerk of Court filed Shepard's petition for federal habeas corpus relief, in which he raises ineffective assistance of counsel for his failure to investigate two alibi witnesses.[35] The State filed a response in opposition to Shepard's petition, arguing that his claim is procedurally barred from review.[36]

## IV.    General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[37] applies to this petition, which is deemed filed in this Court under the federal mailbox rule on March 9, 2007.[38] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was

---

[34]*State ex rel. Shepard v. State*, 965 So.2d 390 (La. 2007).

[35]Rec. Doc. No. 3.

[36]Rec. Doc. No. 11.

[37]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[38]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Shepard's federal habeas petition on May 10, 2007, when the filing fee was paid after denial of his request for pauper status. Shepard dated his signature on the memorandum in support of the petition on March 9, 2007. This is the earliest date on which he could have delivered it to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, 843 (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State contends that Shepard's petition is timely filed and that his claim is exhausted. The State further argues that Shepard's ineffective assistance of counsel claim is barred from review because it was procedurally defaulted in the state courts.

## V.     **Procedural Default**

Shepard alleges that his trial counsel failed to investigate his alibi defense and interview two witnesses who could have corroborated his alibi testimony. He first raised this claim in his motion to supplement his application for post-conviction relief. The Trial Court denied the motion to supplement citing La. Code Crim. P. art. 930.4, because Shepard did not raise the claim in his original application filed November 9, 2004, which had already been denied by the Trial Court at the direction of the Louisiana Supreme Court, and he failed to show cause for his failure to do so. This procedural denial was the last reasoned decision issued by any state court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991) (when the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion).

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state law ground that is both independent of the merits of the federal claim and adequate to support that judgment. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997), *cert. denied*, 523 U.S. 1125 (1998);

*Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995) (citing *Harris v. Reed*, 489 U.S. 255, 260, 262 (1989)). The "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or post-conviction review. *Coleman*, 501 U.S. at 731-32. This type of procedural default will bar federal court review of a federal claim raised in a habeas petition when the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. *Harris*, 489 U.S. at 263; *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997).

### A.    Independent State Grounds

A dismissal is independent of federal law when the last state court "clearly and expressly" indicated that its judgment rests on a state procedural bar. *Amos*, 61 F.3d at 338. In this case, the Trial Court offered the last reasoned decision refusing to consider Shepard's ineffective assistance of counsel claim. The basis was the state procedural requirements found in La. Code Crim. P. art. 930.4(E), which provides, in relevant part, for the dismissal of a post-conviction application if it is a successive application which raises new or different claims which should have been raised in a previous application. The basis for the Trial Court's dismissal was therefore independent of federal law and relied strictly on state procedural requirements. *Bennett v. Whitley*, 41 F.3d 1581 (5th Cir. 1994) (Art. 930.4); *Washington v. Cain*, No. Civ. A. 98-0584, 2000 WL 863980 (E.D. La. June 27, 2000) (Art. 930.4); *see also*, *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902.

### B.    Adequate State Grounds

The question of the adequacy of a state procedural bar is itself a federal question. *Douglas v. Alabama*, 380 U.S. 415, 422 (1965); *Jenkins v. Gramley*, 8 F.3d 505, 507 (7th Cir. 1993). To be

"adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases. *Glover*, 128 F.3d at 902 (citing *Amos*, 61 F.3d at 339). A state procedural bar is presumptively adequate when the state court expressly relies on it in deciding not to review a claim for collateral relief. *Id.*; *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir.1997) (in order to establish that a state procedural rule is not "adequate," a petitioner bears the burden of showing that the state did not strictly or regularly follow the procedural rule).

The bar to repetitive claims and successive petitions found in La. Code Crim. P. art 930.4 is clearly an independent state law procedural basis for denying review of an inappropriately raised post-conviction claim. *Bennett v. Whitley*, 41 F.3d 1581 (5th Cir. 1994) (Article 930.4 is independent and adequate basis to federal review); *Washington v. Cain*, No. Civ. A. 98-0584, 2000 WL 863980 (E.D. La. June 27, 2000) (Duplantier, J.) (same). Thus, the Trial Court's reliance upon La. Code Crim. P. art. 930.4(E) to bar review of Shepard's claim on post-conviction review was adequate to bar review in this Court on habeas corpus review.

Shepard will be excepted from the procedural bars to federal review of his claims only if he can show cause for his defaults and prejudice attributed thereto. Alternatively, he could demonstrate that the federal court's failure to review the claims will result in a fundamental miscarriage of justice. *Nobles*, 127 F.3d at 414 (citing *Coleman*, 501 U.S. at 731-32); *Amos*, 61 F.3d at 338-39 (citing *Harris*, 489 U.S. at 262 and *Engle v. Isaac*, 456 U.S. 107, 129 (1982)). These exceptions to the imposition of a bar will be addressed below.

### C.  **Cause and Prejudice**

To establish a cause for his procedural default, Shepard must demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's

procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Shepard has not demonstrated in his pleadings the existence of any objective factor <u>external</u> to the defense that impeded his, or counsel's, ability to raise the claims at an earlier time.

Having failed to show an objective cause for his default, the Court need not determine whether prejudice existed, and Shepard has not alleged any actual prejudice. *See Ratcliff v. Estelle*, 597 F.2d 474 (5th Cir. 1979) (citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681-82 (5th Cir. 1977)).

### D.    <u>Fundamental Miscarriage of Justice</u>

Alternatively, a petitioner seeking federal habeas review can escape a procedural bar upon a showing that the federal court's failure to review the defaulted claim will result in a fundamental miscarriage of justice. To establish this, the petitioner must provide this Court with evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986); *accord Murray*, 477 U.S. at 496; *Glover*, 128 F.3d at 902. "To satisfy the 'factual innocence' standard, a petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt." *Campos v. Johnson*, 958 F. Supp. 1180, 1195 (W.D. Tex. 1997) (footnote omitted); *Nobles*, 127 F.3d at 423 n. 33 (actual innocence factor requires a showing by clear and convincing evidence that "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.")

Shepard has not pointed to any new or existing evidence which would create a reasonable doubt as to his guilt or which would establish his actual innocence. *Murray*, 477 U.S. at 496. When the petitioner has not factually established his actual innocence, his procedural default cannot be excused under the "fundamental miscarriage of justice" exception. *Glover*, 128 F.3d at 903.

12

Shepard has not established any exception to the imposition of the procedural bar to review of his claim. His ineffective assistance of counsel claim, therefore, must be dismissed with prejudice as procedurally barred, without review of the merits.

**VI.    Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that Alexander Shepard, Jr.'s petition for issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 21st day of May, 2009.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**