UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEXANDER SHEPARD JR. | CIVIL ACTION |
| VERSUS | NO. 07-1934 |
| BURL CAIN | SECTION "J"(4) |

## O R D E R

The Court, having considered the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the Petitioner's Objection (Rec. Doc. 14) to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

The Court notes that Petitioner's Objection does not directly address the findings in the Report and Recommendation related to his instant petition under 28 U.S.C. § 2254, which has only asserted ineffective assistance of counsel as grounds for his requested habeas relief. See Rec. Doc. 3. Rather, the Objection essentially addresses the denial of his *initial PCR application* in the state courts in the context of the instant habeas proceedings. Specifically, Petitioner argues that he was denied access to the courts, as guaranteed under the Petition and Assembly Clause of the First Amendment, when he was procedurally precluded in state court from challenging three aspects of his multiple offender proceedings: (1) whether the prosecution failed to establish through competent evidence that he was the same person who had been convicted of prior felonies; (2) whether the prosecution was prohibited from using uncertified, unauthenticated conviction documents from other jurisdictions; and (3) whether the trial court was required to vacate a previous sentence before imposing a multiple offender sentence. The Louisiana Supreme Court denied Petitioner's PCR

application, holding that his claims related to the multiple offender proceedings were barred by Louisiana Code of Criminal Procedure art. 930.3[1] and the Louisiana Supreme Court's decision in State ex rel. Melinie, 665 So. 2d 1172 (La. 1996).[2]

Relevant to the instant habeas petition, Petitioner contends that he relied on inmate counsel to prepare the initial PCR application that raised the three claims discussed above. However, Petitioner notes that he was subsequently transferred to a different section of prison. As a result, Petitioner claims that he had to rely on a *different* inmate counsel in the new prison section for the

---

[1] Article 930.3 provides as follows:

If the petitioner is in custody after sentence for conviction for an offense, relief shall be granted only on the following grounds:

(1) The conviction was obtained in violation of the constitution of the United States or the state of Louisiana;

(2) The court exceeded its jurisdiction;

(3) The conviction or sentence subjected him to double jeopardy;

(4) The limitations on the institution of prosecution had expired;

(5) The statute creating the offense for which he was convicted and sentenced is unconstitutional; or

(6) The conviction or sentence constitute the ex post facto application of law in violation of the constitution of the United States or the state of Louisiana.

(7) The results of DNA testing performed pursuant to an application granted under Article 926.1 proves by clear and convincing evidence that the petitioner is factually innocent of the crime for which he was convicted.

[2] The court in Melinie held that "La. Code Crim. Proc. art. 930.3, which sets out the exclusive grounds for granting post-conviction relief, provides no basis for review of claims of excessiveness or other sentencing error post-conviction." 665 So. 2d at 1172.

filing of the instant habeas petition. Petitioner argues that this new inmate counsel failed to include the three grounds initially raised in Petitioner's initial PCR application in the present habeas petition. As such, Petitioner seeks leave to amend his habeas petition to include these three omitted claims based on the alleged unconstitutionality of the multiple offender proceedings.

The Southern District of Texas in Morgan v. Quarterman, 2007 WL 397472, noted the following standards applicable to requests to amend habeas petitions under § 2254:

> Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts permits the application of the Federal Rules of Civil Procedure in habeas cases "to the extent that [the civil rules] are not inconsistent with any statutory provisions or [the habeas] rules." Mayle v. Felix, 545 U.S. 644 (2005); see also Fed. R. Civ. P. 81(a)(2). Title 28 U.S.C. § 2242 provides that habeas applications "may be amended ... as provided in the rules of procedure applicable to civil actions." Accordingly, Federal Rule of Civil Procedure 15 applies when considering motions to amend a habeas petition. Mayle, 545 U.S. at 2569.
>
> Rule 15 states that leave to amend "shall be freely given when justice so requires." However, leave to amend is by no means automatic. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir.1981). The decision to grant or deny leave to amend is within the sound discretion of the trial court. Id.

Under this standard, Petitioner's Objection, to the extent it can be construed as a request for leave to amend, should be denied because his claims for habeas relief based on his multiple offender proceedings are untenable as a matter of law. First, "Art. 930.4(C) [of the Louisiana Code of Criminal Procedure] prevents post conviction review of a claim that could have been raised **on direct appeal** and was not." Williams v. Cain, 2008 WL 3363562, *7 (E.D. La. 2008) (emphasis added). Thus, because Petitioner did not raise any issues related to his multiple offender proceedings *on his initial appeal*, his claims based on those grounds were barred in his PCR application. Additionally, "[t]he federal courts have repeatedly held that State ex rel. Melinie and La. Code Crim. P. art. 930.3, its statutory basis, are adequate state grounds for dismissal which bar

3

review by the federal courts in a habeas corpus proceeding." Williams, 2008 WL 336562 at *8. Finally, even if Petitioner's proposed amended grounds for habeas relief were legally valid, any amendment at this point to add those claims would be untimely. "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650 (2005). AEDPA provides a one-year limitation period final for seeking habeas relief after a conviction becomes final. In this case, more than two years have elapsed since Petitioner filed his habeas petition on March 9, 2007, and his request to amend asserted in his Objection, filed on June 1, 2009. Under Mayle, even if Petitioner's proposed amended claims were tenable, they would clearly be time-barred under AEDPA. Accordingly,

**IT IS ORDERED** that Alexander Shepard, Jr.'s petition for issuance of a Writ of Habeas Corpus, pursuant to Title 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this ___8th___ day of _____July_____, 2009.

_____
UNITED STATES DISTRICT JUDGE

4